Merchant v. Manion.

## J. S. Merchant et al. v. Edward Manion.

1. BURDEN OF PROOF—*Of Joint Liability.*—Where a joint liability is alleged, the burden is upon the party alleging it to prove it.

2. VERDICTS—*In Actions ex Contractu against Joint Defendants.*— In actions *ex contractu* the verdict must be against all of the defendants or none.

Assumpsit, for work, labor and services. Appeal from the County Court of Moultrie County; the Hon. JOHN D. PURVIS, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed September 11, 1901.

WHITAKER & THOMPSON, attorneys for appellants.

R. M. PEADRO, attorney for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

In the first instance this was a suit in attachment by appellee against Merchant alone, and afterward by amendment M. J. Sullivan was added as joint defendant, and thereafter the suit proceeded jointly against both the appellants. The plea of the general issue, and a special plea denying joint liability, were pleaded to the declaration,

which was in assumpsit for the work, labor and services of the plaintiff, done, performed and bestowed to appellants at their request, and for money lent, paid out and expended at the request of the defendants, and for goods, chattels and effects sold to them. The issues formed upon the attachment and the declaration were tried by a jury and resulted in a finding for appellee on both issues, and the damages were assessed against both defendants at $375. The court overruled appellants' motion for a new trial, and gave judgment upon the verdict, to reverse which they bring their appeal to this court, and it is insisted various errors occurred upon the trial, but it is chiefly argued the verdict is contrary to the law and the evidence of the case, and the evidence fails to prove a joint liability of the defendants.

Appellee claims he was employed by appellant Merchant at $100 per month, to have charge of race horses then in the possession of Merchant; that in pursuance of such employment he took the charge of the horses, performed the services required of him, paid out money for shipping and entering the horses in several races, and for their feed and keeping. To these facts appellee testified upon the trial. Merchant denied that he employed appellee or that he rendered the services or paid out the money for him as claimed. Merchant claimed that appellee was but a tout, following the horses from place to place, in pursuit of his own business. And other witnesses testified, more or less, to the same effect, so that the evidence between appellee and Merchant was conflicting.

As far as we have been able to discover from the evidence, independently of the possession by Merchant, there is no evidence of the ownership of the horses, and in the absence of such, it will be presumed from such possession, that Merchant owned them.

Upon examination we find no sufficient evidence to support a verdict against appellant Sullivan. It does not appear that there was any business relation between the two appellants or that Merchant had any authority as agent or

otherwise to bind Sullivan in whatever relation or trans-
actions he may have had with appellee. The burden of
proof was upon appellee to prove that Sullivan was jointly
liable with Merchant, and this, we think, he failed to prove,
and hence the verdict that was returned is not supported
by the evidence.

Complaint is made by counsel for appellants that the
court did not instruct the jury that they might find against
one and not both of the defendants. In this respect the
court was right, for it is the familiar rule in actions *ex con-
tractu*, the verdict must be against all or none of the
defendants; and if appellants desired the jury to have been
correctly instructed upon this point they should have pre-
sented an instruction to the court, which doubtless would
have been given if requested.

It is argued also by appellant Sullivan, that the court
erred in overruling his motion to quash the attachment
writ that was issued and served upon him, after the orig-
inal writ was issued and served upon Merchant. We find
in the record an interpleader filed by Sullivan, claiming the
attached property, the horses in controversy, as his prop-
erty, and denying the same to be the property of Mer-
chant.. As we have already said, no evidence is contained
in the record as to the actual ownership of the horses, and
we presume they were the property of Merchant merely
from his. possession of them. Appellant Sullivan was
entitled to have the issue tendered by his interpleader tried,
if he had insisted upon it, notwithstanding he was after-
ward made a party defendant to the suit, but so far as we
are able to see from the record, he waived this right. If
the attached property belonged to Merchant the only
office the alias writ of attachment performed against Sulli-
van was that of a summons, and if the issuance and service
of such writ upon him was irregular, as contended by
counsel, he, by pleading to the declaration as he did, waived
this irregularity, and can not now avail himself of it as
error in this court.

Because there was no joint liability proved against appel-

lants the verdict is contrary to the law and the evidence of the case, and the judgment of the County Court is therefore reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed. Reversed and remanded.